EBENEZER HUNTINGTON and HENRY HOWARD, Administrators of JONATHAN SHATTUCK, deceased, vs. MILTON WILDER.

An agent constituted for a particular purpose cannot exceed his authority and bind his principal.

Where W. requested F. to take a note against one Scott, and give it to H. in payment of an execution which H. held against W., but gave him no other authority in relation to the execution, and H. refused to receive the same, whereupon F. requested S. to sign a note with him to H. for the debt of W., which S. has paid—*Held*, That there was no privity between S. and W., and that S. could not maintain an action against W. for money paid, &c.

A release given by an administrator to a witness does not necessarily imply that a payment was made to the administrator.

This suit was commenced before a single magistrate and was appealed to the county court. The action was assumpsit for money laid out and expended. The defendant plead non-assumpsit, and by agreement of the parties the issue was joined to the court.

The court, from the evidence adduced and admitted, found the following facts proved:—That, in the year 1827, one Chapin Howard had an execution against Wilder, the defendant, on which was due a balance of about twelve dollars, and was about to levy upon the property of Wilder;—that one Timothy Fisher, hearing of this, wrote to the defendant, apprising him of it;—that, in a few days from that time, said Fisher received a letter from Wilder, enclosing a note in his favor against one Scott for a sum above the balance of said execution, requesting Fisher to go to Howard with Scott's note and get him to take it and discharge said execution. He went accordingly, but Howard would not receive the note, but would wait on

good security while there might be an attempt to collect the
Scott note;—that Fisher then applied to said Jonathan Shattuck, who said he was acquainted with Scott, and considered
him perfectly good, and was willing to receive the note as security and sign a note with said Fisher to said Howard for the balance of the execution; which was done accordingly, and the execution was discharged by Howard;—that, after the decease of Shattuck, said Howard carried the note and laid the same before the commissioners appointed on his estate to examine and allow the claims of creditors, who allowed the same at about fifteen dollars;—and that the plaintiffs, as administrators, paid the same to said Howard before the commencement of this action;—also that said Scott note was given to pay for a piece of land, which was never conveyed by said Wilder to said Scott according to agreement, and that said note was without consideration and could not be collected, Scott refusing to pay the same. Said several notes were read on the trial. All the writings offered and admitted were proved to have been executed as they purport.

Said Fisher was produced as a witness on the part of the plaintiffs, and was objected to on account of interest. A discharge of his interest from the plaintiffs, or one of them, was produced, after which there was no further objection to him on account of interest.

The plaintiff also produced Elijah P. Shattuck, a son and heir of said deceased, as a witness. He was objected to on account of interest. The plaintiffs produced his discharge of that interest. Still he was objected to for the same reason, but the court adjudged the discharge sufficient to discharge said interest, and admitted the witness.

There were no other objections to testimony, except to the validity of the facts when proved. This was urged as an objection to some of the facts before proved and afterwards, as incompetent to entitle the plaintiffs to recover in point of law. But the principal objection urged was, that the said note of Chapin Howard was not a legal claim against the estate of said Shattuck, and of course the plaintiffs were not entitled to recover of the defendant. But the court decided, that, upon the foregoing facts, thus proved, the plaintiffs were entitled to recover, and rendered judgment in their favor for the amount of said payment to said Howard and interest on the same. To

WINDHAM,
February,
1834.

which decisions the defendant made his exceptions, which were allowed and certified.

Administrators
of Shattuck
vs.
Wilder.

*D. Kellogg and Wm. C. Bradley for defendant.*—1. There is no request expressed or implied from Wilder to make the payment. The express request which constitutes the whole of Fisher's authority was, to offer Scott's note to Howard in payment of the execution. Beyond this authority Fisher could not bind Wilder, and it contained no request to make payment himself, or to substitute any new creditor. If an implied request could in ·such a case be intended, here was neither the obligation to pay on the part of Fisher or Shattuck, or the accustomed course of dealing between them and Wilder whereon to raise such an implication.—2 Starkie, 1199—Ib. 101.

2. If Wilder's letter had been an authority to Fisher to pay the debt, it created no privity between Wilder and Shattuck; and if Shattuck became surety for Fisher, he must at least principally look to Fisher for indemnity; and if he discharged Fisher, or his administrators did so, the debt, so far as they were concerned, was thereby discharged.—2 Starkie, 1764.

3. If Wilder's letter should be taken as an authority to Fisher to sell the Scott note, and the same had afterwards proved to have been a void note, (which does not appear, but the contrary,) still the plaintiffs would be found to have misconceived their action, which, on failure of the consideration, should have been money had and received.—2 Starkie, 114—2 Vt. Rep. 196.

4. If Wilder was liable for the payment of his execution, it was to Fisher alone, or to Fisher and Shattuck jointly, by whose joint note the payment was made; and the right of action either rested in Fisher alone, or in Fisher and Shattuck. If the latter, it passed on the death of Shattuck to Fisher as survivor; and Fisher, in that relation, being the only one who could bring the suit, could not be dropped as a party and substituted as a witness, especially by the administrators' payment of the sum for which the estate was not chargeable until Howard had tried his remedy on Fisher.—1 Cain's Cases in Error, 123.

4. The discharges are without seal, and by one administrator.

*Mr. Ransom for plaintiff.*—It was contended by the defendant on the trial below, that the claim was illegally allowed

by commissioners—that *at law* the estate of deceased obligor was not liable—that survivor *only* is liable.

WINDHAM,
*February,*
1834.

Administrators
of Shattuck
*vs.*
Wilder.

1. But it is insisted that the holder of the note might well prove his claim before commissioners, and was not bound to pursue the survivor.

(1) Note joint and several, holder may resort to either for payment.—1 Chit. Pl. 33–4.

(2) But if one of several joint obligors decease, and the survivor be insolvent, representatives of deceased obligor liable in equity.—1 Chit. Pl. 40.

(3) Commissioners have equitable powers.—Probate act, section 89.

The decision of commissioners is conlusive of the rights of parties, where amount of claim is less than twenty dollars. Prob. act, sec. 91, 93.

Would a court of chancery sustain a proceeding predicated on a claim, though *purely equitable*, which had never been presented to commissioners.

E. P. Shattuck, son and heir of the intestate, was produced as a witness to prove a promise of defendant to plaintiffs, since the death of the intestate, to pay the sum in dispute, he having released all his interest. It was objected to him that he could not release his interest so as to be a competent witness for plaintiffs.

2. But it is contended that an heir may expurgate himself of all interest by release, and become a competent witness in favor of the estate.—2 Stark. Ev. 75–8, 758.

3. Assumpsit is an equitable action, and if plaintiffs be entitled in equity, they may recover in this action. The plaintiffs clearly have an equitable claim on the defendant, having paid the money for his sole benefit, and they are without remedy unless they may recover in the present suit.

The opinion of the court was pronounced by

WILLIAMS, Ch. J.—The question which was principally relied on in the county court must have been made without attending to the ninety-first section of the judiciary act. In that section it is enacted, that the representative of one jointly holden by a contract may be charged as on a several contract. There could be no doubt, therefore, that the note mentioned, which was executed by the intestate, if there were no other valid objection to it, constituted a legal claim against his estate.

WINDHAM,
*February,*
1834.

Administrators
of Shattuck
*vs.*
Wilder.

There seems, however, to be other formidable objections to the claim of the plaintiffs, arising from the state of facts found by the county court, and set forth in the bill of exceptions. To maintain an action for money paid, laid out, and expended, (and it appears there was no count in the declaration for any thing else,) the money must have been paid on request of the person charged, either expressed or implied. No one can by voluntarily paying money for another, without request, make that person his debtor. Unless, therefore, Shattuck in his life time had given the note to Howard, not only for the benefit of the defendant, but at his solicitation, he could maintain no action against the defendant in consequence of having paid the money thereon. It does not appear in the case that there was any such request, or any privity between Shattuck and the defendant. The note was executed at the request and by the procurement of Fisher alone, who appears as the friend or agent of the defendant, the intestate, Shattuck, receiving as a pledge or security therefor an obligation against one Scott. Fisher's agency did not authorize him to procure Shattuck to give this note for the benefit of the defendant. His authority was specific for a particular purpose only, as appeared from the facts found; and whenever an agent is constituted for a particular purpose, and with a limited authority, he cannot go beyond that purpose or exceed the authority, and bind his principal, though he may bind himself. The only authority which Fisher had from the defendant was, to carry the note against Scott to Howard, and give it to him in discharge of the execution which Howard had against the defendant. When Howard refused this arrangement, Fisher's authority was at an end, and he was not at liberty to give his own note, or make any other security or payment of the execution. The defendant may have had a particular object in assigning or selling the *Scott note.* He might have had a legal defence against the demand of Howard, and been willing to give him this note rather than contest the claim. At all events, he gave no authority to Fisher to do any thing further for him than to give the note in discharge of the execution. As this authority was particular, no request can be implied from the defendant, either to Fisher to make any other payment of the execution, or to procure Shattuck to give the note which his administrators have paid. If any authority had been shown, or could have been implied from the defend-

WINDHAM,
*February,*
1834.

Administrators
of Shattuck
*vs.*
Wilder.

ant's authorizing Fisher to pledge or sell the Scott note to Shattuck, and the note proved unavailable for want of consideration, still it would not have enabled the plaintiff to maintain this action, but could only have been ground for an action for money had and received. The judgment of the county court must therefore be reversed and a new trial granted.

As there is to be a new trial, some other questions which have been raised may properly here be disposed of, as they will probably come before the county court.

It has been contended, that the giving the note to Howard by Fisher and Shattuck was a payment of the execution against the defendant by them jointly; that the cause of action accrued on giving that note to Fisher and Shattuck jointly, and the action should have been brought in their names, or in the name of the survivor. But it may be, and if there is evidence of a subsequent promise by the defendant to the plaintiffs as administrators, after they had paid the money to Chapin Howard, it probably will be inferred, that a request was made to the two to sign the note as joint securities; and in that case the payment by either would give a right of action against the principal. It is also said that the discharge given by the administrators to Fisher implies a payment, and that, as administrators, they are not authorized to give a discharge except upon payment. We think a discharge executed by an administrator to a witness, of a collateral interest, does not necessarily imply a payment; that they may release the claim of the estate against a witness, so as to discharge him, without receiving actual payment. By their proceedings they may make themselves accountable, and probably do so; but still it is not to be considered conclusive evidence of the payment of their claim. The discharge from the heirs of Shattuck, who was introduced as a witness, should have been under seal. This, however, can be remedied at another trial.

The judgment of the county court is reversed.